UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA

IN RE:

LINDA LOUISE REYERSON                                Chapter 7

    Debtor.                                  Bankruptcy No. 05-06938M

### DECISION RE: MOTION TO AVOID LIEN

Debtor Linda Reyerson moves to avoid the fixing of a judgment lien against her homestead. The judgment creditor, Farmers State Bank, objects to the motion. Reyerson moves also to avoid the judgment lien of creditor Craig Mowers. He does not resist. Hearing on the motion was held May 9, 2006, in Mason City. David M. Nelsen appeared as attorney for Reyerson. Mark L. Walk appeared as attorney for Farmers State Bank (Bank). This is a core proceeding under 28 U.S.C. § 157(b)(2)(O).

Linda Reyerson was formerly married to Terry C. Geistler. Reyerson sought dissolution of the marriage in the Iowa District Court for Worth County. At the time, the couple jointly owned a homestead in Northwood, Iowa. The parties seem to agree that each of them held an undivided one-half interest. The property was legally described as:

> Lots One (1), Two (2) and the East Twelve (12) feet of Lot Three (3), Block One (1), Woodworth's Addition to Northwood, Worth County, Iowa.

It was locally described as 1407 Central Avenue, Northwood, Iowa.

The parties entered into a stipulation which provided that the property would be--

> the sole property of [Reyerson] and title to said real estate is quieted in her. [Geistler] shall execute a Quit Claim Deed releasing all of his interest in said property. All [Geistler's] interest in the above-described property is hereby transferred to [Reyerson]

by said Quit Claim Deed.

(Exhibit 1, Stipulation ¶ 4.)

The state court, on July 25, 2005, entered a decree dissolving the marriage and approving and adopting the Stipulation (Exhibit 2). Geistler never delivered a quit claim deed to Reyerson.  After Geistler could not be located by Reyerson's attorney, Craig G. Ensign, Ensign obtained a Certificate of Change of Title from the Iowa District Court. The certificate was executed on November 2, 2005.  It certified that title to the real estate "has been changed to and/or established in Linda L. Reyerson...."  The Clerk of the District Court informed the Worth County Auditor that title had been changed "[p]ursuant to Judgment or Decree herein dated July 25, 2005" (Exhibit 4).  The certificate was recorded by the Worth County Recorder on November 2, 2005.  Id.

Attorney Ensign testified that the intent of the stipulation was to transfer the title by the decree, but that the requirement of a quit claim deed was a "belt and suspenders" approach because title examiners often want to see a quit claim deed.

Geistler had borrowed money from Bank and had apparently defaulted on repayment of the loan.  On August 15, 2005, Bank obtained judgment in the Iowa District Court for Worth County against Geistler for the sum of $10,750.18 plus interest, costs and attorney's fees (Exhibit 3).

Reyerson filed her chapter 7 petition on October 14, 2005.  She scheduled the real estate and claimed it exempt as her homestead under Iowa Code chapter 561.  Reyerson requests the court to avoid the judgment lien of Bank as impairing her exemption.  Bank objects.  It

contends that at the time of the entry of its judgment, August 15, 2005, the property was no longer Geistler's homestead, and that therefore its judgment lien attached to Geistler's interest in the property, and it remained attached when his interest was transferred to Reyerson in November 2005.  Bank argues that Reyerson received Geistler's one-half interest with Bank's lien attached, and that although Bank may not be able to execute against the homestead while the property is occupied as such, the lien must remain in place, perhaps to be satisfied at the time of a future transfer or if Reyerson abandons the property as her homestead.

The Iowa Supreme Court, in <u>Merchants Mutual Bonding Co. v. Underberg</u>, 291 N.W.2d 19 (Iowa 1980), held that the homestead interest of a non-debtor wife was not subject to execution even though the judgment creditor had obtained a homestead waiver from the debtor spouse.  The court determined that "there could be no splitting of homestead rights."  It ruled that if the non-debtor's homestead interest was not subject to execution, neither was the interest of the debtor spouse who had waived his homestead rights.  <u>Id.</u> at 21.  "A creditor who seeks to satisfy his debt out of a homestead must be certain he has a right against the *whole* property, not just part of it."  <u>Id.</u>  The decision did not indicate whether the lien had or had not attached to the debtor's interest.  It said only that the creditor could not execute against either homestead interest.

In a subsequent decision, the Iowa Supreme Court held that a judgment against a debtor did not attach to "property" owned and occupied as a homestead by the judgment debtor and his spouse.  <u>Baratta</u>

3

v. Polk County Health Services, Inc., 588 N.W.2d 107, 112 (Iowa 1999). It concluded that the non-debtor's "ownership interest in the property prevented the judgment lien from attaching." Id. The majority opinion continually described the subject of the lien attachment being the "property," not a co-tenant's interest in the property.

The dissent disagreed with what it described as the majority's determination that the "occupancy right of the co-owner that is not subject to the judgment somehow prevents the judgment lien from attaching to the interest of the other co-owner that is subject to the judgment during the time that the innocent owner continues to reside in the homestead." Id. at 115. The dissent said that the innocent spouse's homestead right was protected by that spouse's privilege to occupy the homestead as long as he or she chose to and by assuring that the innocent spouse's undivided interest could be transferred free of any judgment lien. Id.

The dissent's description of the majority's position serves to clarify the holding in Baratta as determining that a judgment lien against only one co-tenant does not attach to the property as a whole even if the judgment debtor cannot claim the homestead exemption. Thus, in the case before this court, even if Geistler abandoned the homestead, Reyerson had not, and the lien of judgment against Geistler did not attach to the property.

Moreover, I conclude that the dissolution decree, which adopted and incorporated the stipulation between the spouses, did effectively transfer title of Geistler's interest to Reyerson. It states that the property "shall be the sole property of [Reyerson] and title to said

4

real estate is quieted in her" (Exhibit 1, ¶ 4).  The requirement that Geistler execute a quit claim deed to release all of his interest did not detract from the effect of the Decree.

The Clerk of Court recognized the effectiveness of the Decree in the Certificate of Change of Title (Exhibit 4) which noted that title "has been changed" and established in Reyerson "pursuant to [the] Decree herein dated July 25, 2005." Id.  Title passed to Reyerson July 25, 2005, free of Bank's claim against Geistler.  The transfer of Geistler's interest to Reyerson was free of Geistler's debts.  Brown v. Vonnahme, 343 N.W.2d 445, 451 (Iowa 1984).

Because I conclude that the judgment of Bank against Geistler did not give rise to a judgment lien against the homestead property of Linda Reyerson, her motion should be denied.  There is no lien of Bank to avoid.  For the same reason, the judgment of Craig Mowers did not attach to the property as a lien.

IT IS ORDERED that the motion of Linda Reyerson seeking to avoid judgment liens is denied.  The judgments of Farmer's State Bank, Law No. LACV011383, and Craig Mowers, SCSC004289, both entered against Terry Geistler in the Iowa District Court for Worth County, did not attach as liens against the property identified as Lots One (1), Two (2) and the East Twelve (12) feet of Lot Three (3), Block One (1), Woodworth's Addition to Northwood, Worth County, Iowa.

DATED AND ENTERED    May 17, 2006

William L. Edmonds, Bankruptcy Judge

5